628 S.E.2d 651 (2006)
278 Ga. App. 219
The STATE
v.
K.L.M., a child.
No. A06A0296.
Court of Appeals of Georgia.
March 14, 2006.
Certiorari Denied July 13, 2006.
*652 W. Kendall Wynne, Jr., District Attorney, Vanessa C. Webber, Assistant District Attorney, for appellant.
Gina M. Grady, Monroe, for appellee.
ADAMS, Judge.
The State appeals from the trial court's order granting K.L.M.'s motion to suppress evidence found when a law enforcement officer searched him at school at the direction of the school's principal. For the reasons set forth below, we affirm.
A trial judge's findings of fact on a motion to suppress should not be disturbed if there is any evidence to support them; determinations of fact and credibility must be accepted unless clearly erroneous; and the evidence must be construed in favor of the trial court's findings and judgment. Tate v. State, 264 Ga. 53, 54(1), 440 S.E.2d 646 (1994); Jackson v. State, 258 Ga.App. 806, 807-808(2), 575 S.E.2d 713 (2002).
Viewed in this light, the record shows that another student overheard K.L.M. making arrangements to sell drugs during in-school suspension and informed the principal. The principal contacted the City of Social Circle's Director of Public Safety, Jeff Johnson, and asked him to assist because the school resource officer was in training that day. Johnson is a POST-certified law enforcement officer.
After Johnson arrived, the principal brought K.L.M. into his office and questioned him. K.L.M. denied arranging to sell or possessing any drugs. The principal then asked Johnson to search the boy. Johnson did so and found a bag containing marijuana in K.L.M.'s pocket and placed him under arrest. Johnson did not question K.L.M. before the search. He testified that he was present "for the safety of the school personnel," and that he conducted the search on the principal's behalf.
At the hearing on the motion to suppress, the court noted that it could probably find that the officer was the principal's agent acting in good faith when he searched K.L.M., but that existing Supreme Court precedent required it to draw a bright line and require probable cause to search if a law enforcement officer is involved in a search at a school in any manner. See State v. Young, 234 Ga. 488, 496(2), 216 S.E.2d 586 (1975). In its written order, the trial court found that the principal had reasonable grounds to search K.L.M. "pursuant to the standards for searches by school officials outlined in State v. Young," but that probable cause for a search did not exist. It then concluded that "since the actual search of the juvenile was done by a police officer and not a school official, the police officer was required ... to have `probable cause' prior to his search of the juvenile." Because probable cause was lacking, the trial court granted K.L.M.'s motion to suppress.
We agree with the trial court's assessment. In Young, the Supreme Court noted that with regard to the Fourth Amendment,
there are really three groups: private persons; governmental agents whose conduct is state action invoking the Fourth Amendment; and governmental law enforcement agents for whose violations of the Fourth Amendment the exclusionary rule will be applied.
(Emphasis in original.) Id. at 493(2), 216 S.E.2d 586. The Supreme Court found that *653 the intermediate group includes school officials, whose conduct is "subject only to the most minimal restraints necessary to insure that students are not whimsically stripped of personal privacy and subjected to petty tyranny." Id. at 496(2), 216 S.E.2d 586. Furthermore, the exclusionary rule does not apply when these officials violate these standards. Id. at 493-494(2), 216 S.E.2d 586.
But the Supreme Court took care to "emphasize that the standards announced here for action by school officials will pass constitutional muster only if those officials are acting in their proper capacity and the search is free of involvement by law enforcement personnel." (Emphasis supplied.) Young, 234 Ga. at 498(2), 216 S.E.2d 586. In another portion of its opinion, the Supreme Court characterized the issue before it as "concerning the allowable scope under the Fourth Amendment of a schoolhouse search of a student conducted by a public primary or secondary school official, entirely without the participation of law enforcement officers." (Emphasis supplied.) Id. at 494, 216 S.E.2d 586.
Thus the search in this case is not subject to the minimal restraint analysis applied to school officials, even though there is no dispute that Johnson was present for the safety of school personnel and performed the search only after being directed to do so by the school principal. Because Johnson was a law enforcement officer who participated in the search, probable cause to search was required. See, e.g., Patman v. State, 244 Ga.App. 833, 834, 537 S.E.2d 118 (2000) (probable cause required for search of student by police officer working a special detail at public high school). We decline the State's invitation to change the rule announced in Young and followed in Patman. Since the State does not assert that probable cause existed for Johnson's search, nothing remains for this Court to review.
Judgment affirmed.
BLACKBURN, P.J., and MIKELL, J., concur.