A10A1200. ORTIZ v. THE STATE.
(703 SE2d 59)

BARNES, Presiding Judge.

Following his conviction for carrying a weapon on school property, Ruben Ivan Ortiz appeals the trial court's denial of his motion to suppress. Ortiz contends that the school administrator's search violated the Fourth Amendment and thus any evidence obtained from the search should be excluded. Upon review, we affirm.

> A trial judge's findings of fact on a motion to suppress should not be disturbed if there is any evidence to support them; determinations of fact and credibility must be accepted unless clearly erroneous; and the evidence must be construed in favor of the trial court's findings and judgment.

*State v. K. L. M.*, 278 Ga. App. 219 (628 SE2d 651) (2006).

The evidence shows that Ortiz was seen smoking a cigarette in the bus lane of South Gwinnett High School in violation of school policy. The assistant principal questioned him, and Ortiz said that he was a student, but that he was not attending school that day and was passing through campus on his way home. She escorted Ortiz to the closest administrative office and called another administrator for assistance.

The assistant principal also called the resource officer for assistance because she was concerned that Ortiz was "not quite right. His eyes were going kind of wildly and they were red." She thought that he may have been high, and testified that it was customary for administrators to ask for a resource officer to be present anytime they "feel that there might be a threat." The resource officer advised Ortiz that "this is an administrative action. I'm just here for everybody's safety, the safety of the students, for your safety, et cetera." The assistant principal then asked Ortiz to

"dog-ear" his pockets so that she could search him. Ortiz told her that he did not want her to cut herself and took a razor blade from his breast pocket.

Ortiz was arrested and accused of carrying a weapon on school property. He filed a motion to suppress, which, following a hearing, the trial court denied. Ortiz thereafter waived his right to a jury trial and, after a stipulated bench trial, was found guilty and sentenced to three years probation with the first six months under house arrest. Ortiz appeals, contending that the trial court erred in denying his motion to suppress because he was illegally searched.

In *State v. Young*, 234 Ga. 488 (216 SE2d 586) (1975), our Supreme Court noted that in applying Fourth Amendment search and seizure law, and the associated exclusionary rule, in a public school setting, three groups of actors exist: private individuals; governmental agents whose conduct constitutes state action covered by the Fourth Amendment; and law enforcement personnel who are governed by both the Fourth Amendment and the exclusionary rule. Id. at 493 (2).

> With reference to searches by private persons, there is no Fourth Amendment prohibition and therefore no occasion for applying the exclusionary rule. The third group, law enforcement officers, of course, are bound by the full panoply of Fourth Amendment rights and are subject to the application of the exclusionary rule. But the intermediate group, including public school officials, plainly are state officers whose action is state action bringing the Fourth Amendment into play; but they are not state law enforcement officials, with respect to whom the exclusionary rule is applied. Under *Young*, [supra, 234 Ga. at 488], if the school official acts without law enforcement involvement, the exclusionary rule does not apply, even if the official's conduct violates the Fourth Amendment. The violation results not in evidence suppression, but in some other remedy afforded by law, such as a civil damages claim. If police personnel become involved in the school action, however, a Fourth Amendment violation results in exclusion of the evidence. And for purposes of *Young*, a police officer assigned to work at a school as a school resource officer should be considered a law enforcement officer, not a school official.

(Citations and punctuation omitted.) *In the Interest of T. A. G.*, 292 Ga. App. 48, 50 (663 SE2d 392) (2008). Whether a school administrator acts as an agent of law enforcement "must be resolved on a

case-by-case basis, by viewing the totality of the circumstances." (Punctuation omitted.) Id. at 51.

In *T. A. G.*, the resource officer did not conduct the search but actively participated in the investigation of a robbery at the school. He provided guidance to the administrators about questioning of the suspect, and also possible charges that could be made. The officer was present during a second interview with the suspect, and discussed the student's statement with school administrators. We affirmed the juvenile court's suppression of T. A. G.'s statement given during the second interview, agreeing with the lower court that the officer was not just "merely present," but actively involved in the investigation, and that the school administrator acted on his behalf.

Likewise, in *K. L. M.*, supra, 278 Ga. App. at 221, we held that

> there is no dispute that [the officer] was present for the safety of school personnel and performed the search only after being directed to do so by the school principal. Because [the officer] was a law enforcement officer who participated in the search, probable cause to search was required.

Here, the officer did not physically conduct the search. The officer testified that he was asked to come into the office for safety reasons because of Ortiz's altered state and "because at the time they didn't know who they had," and he would be available to "step in and act for safety reasons." He further testified that he walked in as the search was being done, and that because Ortiz was identified as a student it was "strictly an administrative situation and [he] just stay[ed] for safety reasons."

Pretermitting whether the school administrator's search violated the Fourth Amendment,[1] the exclusionary rule would not apply in these circumstances because there was no evidence that the resource officer was involved in administering the search, either directly or at his bequest. While we recognize that police involvement need not be substantial to remove the case from the intermediate group of governmental actors described by *Young*, see *K. L. M.*, supra, 278 Ga. App. at 220-221, an officer's mere presence in the room, without more evidence of his involvement, does not indicate police participation thereby implicating the exclusionary rule.

Because the exclusionary rule does not apply in this circumstance, the trial court did not err in denying Ortiz's motion to

---

[1] In Georgia, school officials may search "subject only to the most minimal restraints necessary to insure that students are not whimsically stripped of personal privacy and subjected to petty tyranny." *Young*, supra, 234 Ga. at 496.

suppress. See *Young*, supra, 234 Ga. at 493-494 (2).

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 27, 2010.

*Gina M. Grady*, for appellant.

*Daniel J. Porter, District Attorney, Tandrea B. Beasley, Assistant District Attorney*, for appellee.